IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| Bakul Davè, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| The Board of Trustees of Southern | ) | |
| Illinois University Carbondale, | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant. | ) | |

# Complaint

Bakul Davè brings this lawsuit against his former employer, The Board of Trustees of Southern Illinois University Carbondale ("SIU"), alleging violations of his civil rights.

## Nature of Claims

1. Davè brings this lawsuit alleging violations of his rights under the substantive provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2(a), the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-3, and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1).

## Jurisdiction and Venue

2. This lawsuit contains claims brought under federal law which make jurisdiction in this Court appropriate by virtue of raising a federal question.

3. The actions giving rise to this lawsuit occurred in Carbondale, Illinois, making venue appropriate in this Court.

## Factual Allegations

4. SIU is a multi-campus university, with campus locations in both Carbondale, Illinois and Edwardsville, Illinois. Additionally, it has a medical school located in Springfield, Illinois.

5. SIU employs well in excess of 50 individuals and has at all times relevant to this lawsuit.

6. Davè was formerly employed by SIU to work as a professor at its Carbondale campus. Davè was originally hired in 1996 as a tenure track Assistant Professor in the Department of Chemistry and Biochemistry. Davè was promoted to an Associate Professor with tenure in 2002.

7. Davè was terminated by SIU on June 5, 2017.

8. Davè was born in India in 1967.

9. Davè is Asian.

10. On approximately May 24, 2014, Davè's employment with SIU was terminated.

11. Davè filed a grievance challenging his 2014 termination.

12. On February 23, 2015, Davè filed a charge of discrimination (Charge No. 560-014-01590) with the EEOC alleging that he had been discriminated against by SIU on account of his race, national origin, and based upon retaliation for engaging in protected activities.

13. On October 5 and 6, 2015, Davè participated in an arbitration pertaining to his termination grievance. In that proceeding he expressed his opposition to discrimination.

14. On December 1, 2015, an arbitrator issued an award finding that SIU terminated

Davè without just cause and ordered that he be reinstated to his position and made whole.

15. On December 28, 2015, Davè filed a charge of discrimination with the EEOC (Charge No. 560-2015-00030) alleging that he had been retaliated against by SIU for his pervious protected activity.

16. Upon his return for the 2016 semester Davè was instructed to teach a course that he had not previous experience teaching. On On January 11, 2016, Davè requested that he be permitted to teach the course he had been teaching since 1996. In contravention of policy, the chair of the Department refused to meet with him to discuss this request.

17. In February of 2016 Davè was forced to work in workspace that was not suitable for his research and other academic activities.

18. On March 22, 2016, Davè sent an internal email to SIU's office of diversity complaining opportunity complaining about unlawful discrimination. That office, despite repeated requests, refused to investigate Davè's concerns.

19. On August 24, 2016, Davè learned that professional items that belonged to him would not be returned to him. These items constituted nearly 20 years of research and other materials that personally belonged to him and not to SIU.

20. Dr. Lichang Wang started as a new chair of the department in August of 2016. Shortly thereafter Davè was informed of his teaching assignment for the fall semester. Davè attempted to teach the course without having any of his materials including notes, books, articles, etc. He then requested that the course and class material be provided to him but they were not.

21. Davè's course was ultimately cancelled.

22. On August 29, 2016, Davè internally, through an email, opposed unlawful discrimination.

23. On September 20, 2016, SIU issued a notice of investigatory interview to be conducted.  The purpose was to initiate disciplinary action against him.

24. On September 20, 2016, Davè sent a note to the Office of Diversity regarding the person to complain of discrimination.

25. On January, 19, 2017, Davè was notified that he was being placed on an administrative leave without pay.

26. On January 20, 2017, Davè received a notification that an investigatory interview would be conducted.

27. An interview was conducted on February 21, 2017.

28. On April 11, 2017, Davè perfected a charge of discrimination with the Illinois Department of Human Rights and EEOC (Charge No. 21B-2017-01201) that alleged SIU had discriminated against him on the basis of his race, national origin, age, and in retaliation for engaging in protected activities. That charge had previously been filed in December of 2016.

29. On June 5, 2017, Davè received a notification that his employment with SIU was being terminated.

30. On November 19, 2017, Davè filed a charge of discrimination with the EEOC (Charge No. 440-2018-01047) that alleged SIU had discriminated against him on the basis of his race, national origin, age, and in retaliation for engaging in protected activities.

31. On approximately September 19, 2018, Davè received a right to sue notice from the EEOC as it relates to Charge No. 21B-2017-01201.

32. On approximately September 19, 2018, Davè received a right to sue notice from the EEOC as it relates to Charge No. 440-2018-01047.

33. As a result of the foregoing Davè has sustained both financial and non-economic damages.

### Count I
*Title VII Retaliation*

34. Paragraphs 1-33 are incorporated herein.

35. Davè, as referenced above, has repeatedly engaged in activities that are protected under Title VII of the Civil Rights Act of 1964.

36. Davè has been retaliated against because of his protected activities. This retaliation includes: (1) altering the terms and conditions of his employment, including his work space and teaching assignments in a way that would make it impossible for him to perform his job duties and in a way that would diminish his reputation in his field; (2) take property that belonged to him personally and refuse to return it to him; (3) suspend him without pay; (4) subject him to investigations that were not warranted; and (5) terminate his employment.

37. This lawsuit is being brought within 90 days of Davè's receipt of a right-to-sue notice.

Wherefore, Davè requests that this Court enter judgment in his favor and against SIU and order the following relief:

1. An award of damages sufficient to compensate Davè for his injuries.

2. An award of attorney fees incurred to proceed on this claim.

3. An award of non-economic damages.

4. Any other relief that is appropriate and just.

## Count II
### *Title VII Discrimination*

38. Paragraphs 1-33 are incorporated herein.

39. Davè, as referenced above, is Indian (national origin) and Asian.

40. Davè has been discriminated against because of his national origin and his race in that he has been subjected to harsher terms and conditions that other individuals employed by SIU, had his personal property taken, he was suspended without pay by SIU, and he was terminated.

41. His race and national origin played a significant role in the discriminatory actions described above.

42. This lawsuit is being brought within 90 days of Davè's receipt of a right-to-sue notice.

Wherefore, Davè requests that this Court enter judgment in his favor and against SIU and order the following relief:

1. An award of damages sufficient to compensate Davè for his injuries.

2. An award of attorney fees incurred to proceed on this claim.

3. An award of non-economic damages.

4. Any other relief that is appropriate and just.

## Count III
*Age Discrimination*

43. Paragraphs 1-33 are incorporated herein.

44. Davè, as referenced above, is over the age of 40.

45. Davè has been discriminated against because of his age in that he has been subjected to harsher terms and conditions that other individuals employed by SIU, had his personal property taken, he was suspended without pay by SIU, and he was terminated.

46. His age played a significant role in the discriminatory actions described above.

47. This lawsuit is being brought within 90 days of Davè's receipt of a right-to-sue notice.

Wherefore, Davè requests that this Court enter judgment in his favor and against SIU and order the following relief:

1. An award of damages sufficient to compensate Davè for his injuries.

2. An award of attorney fees incurred to proceed on this claim.

3. An award of non-economic damages.

4. Any other relief that is appropriate and just.

Dr. Bakul Davè

By: *John A. Baker*
His Attorney

Dated:    NOVEMBER 26, 2018

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:		(217) 522-3445
Facsimile:		(217) 522-8234
Email:			jab@bbklegal.com