UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BAKUL DAVÈ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18-cv-2122-GCS |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| SOUTHERN ILLINOIS UNIVERSITY | ) | |
| CARBONDALE, | ) | |
| | ) | |
| Defendant. | | |

MEMORANDUM & ORDER

SISON, Magistrate Judge:

Plaintiff Bakul Davè filed suit on November 26, 2018, alleging that the Board of

Trustees of Southern Illinois University Carbondale ("SIU") terminated him in a

discriminatory and retaliatory manner. By motion dated May 29, 2020, SIU moved to

dismiss Davè's complaint for want of prosecution pursuant to Federal Rule of Civil

Procedure 41(b). SIU argues that it served written discovery upon Davè on July 19, 2019,

but, despite several failed attempts to work with Plaintiff's counsel, no responses have

been provided to date. As a result, no discovery has been completed in this action in the

more than 12 months since the Court entered a scheduling and discovery order.

On June 13, 2019, the Court held a scheduling conference and entered a scheduling

order that set a discovery deadline of February 7, 2020. (Doc. 22). On October 4, 2019,

Defendant filed a consent motion to continue the jury trial date and to extend the

discovery schedule. In the motion, it was represented that Plaintiff would respond to

written discovery no later than October 25, 2019, and Defendant would respond to written discovery by November 15, 2019. The Court accepted the parties' request, as they jointly indicated that additional time was needed to complete written discovery, and the discovery deadline was extended through May 1, 2020. Trial was continued to October 2020. (Doc. 27). The Court, through Administrative Order No. 261, extended the deadline again by 60 days. As it stands, the discovery deadline currently is June 30, 2020, but no discovery has been completed, nor have any motions to compel discovery been filed.

On October 31, 2019, defense counsel reached out to Plaintiff's counsel via email to find out when to expect Plaintiff's discovery responses. Defense counsel reached out again on November 14, 2019, after receiving no response. Plaintiff's counsel responded that he was "putting them together" and apologized for the delay. (Doc. 29-3, p. 4). Defense counsel followed up by email again on December 16, 2019, and asked if Plaintiff would be interested in voluntarily dismissing this action. (Doc. 29-3, p. 3).

Receiving no response to the December 2019 communication, defense counsel followed up again on January 2, 2020. Plaintiff's counsel responded that he was meeting with Plaintiff on January 7, 2020, and would have the responses completed by the end of that week (*i.e.*, by January 10, 2020). (Doc. 29-3, p. 1-2). No responses were provided, and defense counsel reached out again on May 20, 2020, asking Plaintiff to consider dismissing this case voluntarily. (Doc. 29-3, p. 1). According to SIU's motion, Plaintiff's counsel did not respond, prompting SIU to move to dismiss for failure to prosecute on May 29, 2020.

The Court directed Plaintiff's counsel to respond to Defendant's motion by June 22, 2020. In Plaintiff's response, counsel provides no explanation for the delay in responding to written discovery other than to explain that he was out of state for more than ten weeks due to the COVID-19 pandemic and did not have the necessary information with him to respond to the discovery. He readily admits that he should have done a better job communicating with defense counsel "during this period of time" but does not mention any reason for the delay before March 2020. (Doc. 31, p. 5). Nor does he explain what happened to prevent the production of responses by January 10, 2020, as he represented to defense counsel in his final email communication. Nevertheless, in lieu of dismissal, Plaintiff asks the Court to compel him to respond to Defendant's discovery requests within 30 days and to hold dismissal as the sanction for failing to respond in a timely manner. He also asks the Court to extend the discovery deadline through September 30, 2020.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. PROC. 41(b). "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a *careful* exercise of judicial discretion." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018)(quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)(quoting reference omitted))(emphasis in original). In *McMahan*, the Seventh Circuit reiterated the factors a district court must consider before dismissing an action pursuant to Rule 41(b):

> [T]he frequency and magnitude of the plaintiff's failure to comply with
> deadlines for prosecution of the suit, the apportionment of responsibility
> for those failures between the plaintiff and his counsel, the effect of those
> failures on the judge's calendar and time, the prejudice if any to the
> defendant caused by the plaintiff's dilatory conduct, the probable merits of
> the suit, and the consequences of dismissal for the social objectives of the
> type of litigation that the suit represents.

*McMahan*, 892 F.3d at 931-932 (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*,

325 F.3d 903, 908 (7th Cir. 2003)).

When considering whether a defendant is prejudiced, an "unreasonable delay

gives rise to a presumption of prejudice." *McMahan*, 892 F.3d at 932 (citing *Washington v.*

*Walker*, 734 F.2d 1237, 1239 (7th Cir. 1984)). There is no requirement that a court consider

lesser sanctions or warn a party "that dismissal was coming," particularly where a

defendant moves for dismissal, providing notice to a plaintiff that dismissal could be

imminent. *Id.* at 932-933 (citing references omitted). That said, there is a strong preference

that cases be resolved on the merits where possible.

There is a strong case for dismissal of this action. The Court is troubled by repeated

promises from Plaintiff's counsel that discovery responses were coming in short order,

though no responses have been provided and no reason for this failure was

communicated. In lieu of immediately compiling responses when Defendant moved to

dismiss on May 29, 2020, Plaintiff's counsel now asks for an additional 30 days to respond

even though counsel represented to Defendant that responses would be completed in

early January 2020 and then, it seems, never communicated with defense counsel again.

This conduct demonstrates a frequency and magnitude to Plaintiff's failure to comply

that counsels in favor of dismissal That said, the first time the Court was alerted to any discovery issues or disputes was through Defendant's motion to dismiss in May 2020.

After carefully considering the positions of the parties, the Court **DENIES** Defendant's motion to dismiss. Plaintiff is **DIRECTED** to respond to the outstanding discovery requests within 14 days, no later than July 14, 2020. Absent extraordinary circumstances, this deadline will not be extended, as fourteen days is perhaps too generous an extension. Plaintiff shall file a certificate of compliance demonstrating that the responses have been tendered to Defendant. Failure to do so and failure to respond timely will result in dismissal of this action with prejudice for want of prosecution.

Additionally, the final pretrial conference and jury trial dates are **VACATED**. By separate order, the Court will set a telephonic status conference to select a new presumptive trial month and to set new discovery and dispositive motion deadlines.

**IT IS SO ORDERED.**

Dated: June 30, 2020.

Digitally signed
by Judge Sison
Date: 2020.06.30
12:57:13 -05'00'

GILBERT C. SISON
United States Magistrate Judge