IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| Bakul Dave | |
| Plaintiff, | |
| V. | Case No. 18-cv-2122-GCS |
| Board of Trustees of Southern Illinois University, Carbondale | |
| Defendant. | |

**RESPONSE AND SUPPORTING BRIEF TO OPPOSE JOHN BAKER'S MOTION FOR WITHDRAWAL**

I am not familiar with the judicial process, and I do not know how to write court documents. My apologies for I may not have expressed the complexity of issues clearly or precisely. I write this to oppose John's motion because his withdrawal would hamper this case and proper administration of justice. In order to provide pertinent facts, I, necessarily, need to outline several aspects of the issues pertaining to or related to John's motion so that the Court may consider the facts in the aggregate taking into account all relevant factors while considering John's motion. I am not asking the Court for a ruling on any of those issues. In fact, to avoid any confusion, this document requests the Court to decide only on John's motion.

## 1. John's motion.
On Jul 13, 2021, at 5:05 PM, I received an email from John informing of motion for withdrawal (exhibit 1). Prior to sending the motion, John had told me that the reason for his withdrawal was engendered by opposing counsel informing him that they would be filing a motion for sanctions.

**Interrogatories.**
On 1/15/20, I sent John my responses to interrogatories. After several months, there was a phone discussion on 7/13/20 with John about responses to items 12 and 13, where I outlined the issues related to actions taken by SIU attorneys after the termination of my employment. Particularly, the actions taken by them, in complicity with each other, to conceal civil rights violations, which, *inter alia*, included submitting false documents as well as concealing material information, and making misrepresentations with an intent to obstruct, impede, impair or influence agency investigation (18 USC §1519, 18 USC §371). While parts of the scheme are known, the full scope and extent of the unlawful actions taken by SIU and its attorneys as part of the active and ongoing scheme to conceal civil rights violations, as well as the illegal objects thereof, remain unknown. The information requested in items 12 and 13 is not essential for the opposing counsel to defend their client in the civil rights violations. As such, there exist bona fide reasons. Ultimately, John suggested that the proper way to respond was to claim privileges against participating in an ongoing criminal scheme. And that is what was done, and the following response was submitted:
> "Plaintiff believes that information responsive to this request is privileged. Plaintiff believes that the actions of SIU have constituted a criminal conspiracy. He feels as though if he were forced to answer this interrogatory he would be complicit in an ongoing criminal conspiracy. For that reason he invokes his rights under the Fifth Amendment as it relates to this interrogatory."

The interrogatories were submitted exactly one year ago, to the date of deposition, to the opposing counsel, and they were aware of the responses for at least a year.

### 2. Opposing counsel's response to John's motion is in bad faith.
Opposing counsel submitted a response to John's motion expressing their support. In view of that, I outline the issues inherent in the opposing counsel's response so that the Court may review all relevant factors in considering John's motion.

**Opposing counsel's actions and response to John's motion show corrupt intent.**
I went to report the theft to SIU police but, in coordination with or under the direction of other people at university, they refused to take my complaint and engaged in threats and intimidation against filing the complaint, (SIU police are employees of university) with an intent to prevent any record of these crimes. As such, it comprises violation of  (720 ILCS 5/31-5), which in pertinent part, states "(a) Every person […], who, with intent to prevent the apprehension of the offender, conceals his knowledge that an offense has been committed or harbors, aids or conceals the offender, commits a Class 4 felony." It is evident that the defendant, its attorneys and other representatives acted to conceal the fact that a crime was committed with an intent to aid, harbor, and conceal the individuals who committed these crimes. The opposing counsel are clearly aware of these facts.

During deposition, opposing counsel confirmed and affirmed the discriminatory intent and retaliatory motives of defendant through their questions, and upon realizing that, terminated the deposition. It is clear that SIU attorneys participated in civil rights violations and are engaged in an ongoing scheme to conceal the violations. The facts and evidence show that opposing counsel and SIU attorneys are cognizant that any due administration of justice would not be conducive to their ongoing scheme of concealment of civil rights violations, and their actions in response to John's motion, as well as other fraudulent motions pending before the Court, are with specific intent to prevent administration of justice in this matter through deliberate misrepresentations and false and fraudulent claims[1] and assertions. It is evident that defendant attorneys are acting as part of an ongoing scheme with its objects to conceal civil rights violations and their actions are in furtherance thereof.

**Opposing counsel are operating under a conflict of interest.**
The opposing counsel have a conflict of interest with respect to fulfilling their ethical duties to their client (SIU Board of Trustees) because any acknowledgment of impropriety or misconduct by SIU attorneys would trigger reporting duties under Rules of Professional Conduct[2]. There is uncontroverted evidence that SIU attorneys submitted false information, concealed material information, and made deliberate false claims in agency investigations despite knowing the falsity of their claims and assertions. Opposing counsel know that these are mandatory reportable violations under Rule 8.3. But reporting the misconduct to ARDC would necessarily entail an end of their representation in this case, and consequent loss of revenue, which inevitably affects their financial interests. The inherent conflict of interest has prevented opposing counsel from fulfilling their ethical duties to their client, who they represent, and their obligations to report the misconduct of other attorneys, who they do not represent.

Because they have gone through all the information and documents, opposing counsel are clearly aware of the illegality perpetrated by SIU personnel that can be imputed to the organization but recognizing that illegality would trigger reporting duties under Rule 8.3, and as the facts and evidence show, they have opted to conceal their knowledge of the misconduct, despite being aware of the fact that they represent the SIU Board of Trustees and their actions can be imputed to the organization.

---

[1] where, *inter alia*, as an example, the opposing counsel have made the false and fraudulent claim that the plaintiff "does not know the identity of the persons who allegedly discriminated and retaliated against him" despite being clearly aware of the fact that in the interrogatory response 2, I listed 16 individuals, and in responses 7 & 9,  I again listed more than dozen individuals in regard to specific discriminatory/retaliatory actions. The opposing counsel do not have any good faith reason to make the statement they made because they know that their assertion is false, and fraudulent because the assertion is made with full knowledge and awareness of its falsity and is intended to deceive.

[2] the 'Rules' cited in this document refer to Illinois Rules of Professional Conduct of 2010.

Opposing counsel have explicit knowledge of the fact that SIU attorneys have made false statements, claims and assertions in their responses to EEOC, IDHR, IELRB, and in their signed briefs[3]. Further, they are aware[4] that SIU attorney Hall made false claims and assertions despite knowing that they were false in his signed pleadings, affidavits, and briefs to IELRB and the appellate court as well as concealed material documents and information despite having a duty to inform IELRB and appellate court[5]. In furtherance of a scheme and to effect the illegal objects thereof, Hall obtained IELRB and appellate court rulings through fraud by concealing material information and documents and making deliberate misrepresentations. It is reasonable that opposing counsel have gone through all the files in the IELRB matter, and have knowledge of the misrepresentations and concealments[6]. But they have not made report to ARDC despite having a duty to report under Rule 8.3. (it is unlikely that they would have made a report of attorney misconduct to ARDC and still continue to represent them). The information is part of public disclosures and documents, and therefore, the information does not comprise client confidences, and the duty to report applies.  [see In re Himmel, 125 Ill.2d 531, 533 N.E.2d 790 (1988)]. But no report has been made. Instead, the opposing counsel have acted affirmatively to conceal the misconduct, in contravention of their duty to their client, to their profession, and to the Court.

**Opposing Counsel's Conduct During the Deposition Contravenes Rule 8.4(c).**
During the deposition, the opposing counsel acted with intent to elicit testimony through fraudulent[7] means and deceptive tactics. The opposing counsel implied, presented, or represented as true facts, despite knowing them to be false. He suggested, imputed, or presented deliberate misrepresentations that are established beyond any doubt that those are fraudulent misrepresentations made with the deliberate intent to deceive and mislead— in furtherance of a scheme based upon suppression of truth and suggestion of what is false. This is conduct with a definite intent and purpose to deceive. The transcript shows that he acted under false pretenses and through dishonest and fraudulent means by directly stating, implying, or using false and fraudulent information and misrepresentations, using false documents, and using false and fraudulent information and misrepresentations contained in documents, despite knowing that the information he presented or represented was false and fraudulent— in contravention of Rule 8.4(c).

---

[3] Rules are applied as written. Rule 8.4(c) proscribes "conduct involving dishonesty, fraud, deceit, or misrepresentation" and applies to all misrepresentations by an attorney. (Cf. ARDC complaint Re RYAN KENNETH MELCHER, Commission No. 2018PR00088).

[4] John was supposed to send responses to the briefs and have a hearing before the appellate court in late 2019, but John says the decision was rendered without giving him the opportunity to submit the response briefs or have a hearing before the appellate court. John had the essential information that SIU attorney Enoch Hall had made deliberate misrepresentations, despite knowing that they were false, in his signed briefs, pleadings, and affidavits, as well as concealed essential documents from IELRB and the appellate court in violation of Rule 8.4 (c) of the Illinois Rules of Professional Conduct. John was going to provide the information to the appellate court but, for some reason, he was not given that opportunity. It is evident that the ruling was procured through extensive and varied fraud perpetrated by an attorney. John told me that he has asked the appellate court that the matter be reopened. In fact, before the deposition last week, I asked John about it and he confirmed that he is waiting to hear from the Appellate court. Since any motion filed to reopen the matter would have been necessarily served to the opposing side, they are clearly aware of these facts.

[5] IELRB rules specifically require that respondent shall provide ALL information. IELRB Rule 1120.30 states that "The respondent **shall submit** to the Executive Director ***a complete account*** of the facts, a statement of its position in respect to the allegations set forth in the charge and all relevant evidence in support of its position." But Hall did not provide all information and withheld critical documents and information to impede and impair investigation and obtained ruling through fraud, deceit, and misrepresentations.

[6] a misrepresentation may include both affirmative statements as well as nondisclosure of facts. (*In re Kluge*, 332 Or 251, 255, 27 P3d 102 (2001).

[7] Rule 1.0(d) states: "Fraud" or "fraudulent" denotes conduct that is fraudulent under the substantive or procedural law of the applicable jurisdiction and has a purpose to deceive.

### 3. Attorneys' Omertà has impeded administration of justice.

The attorneys involved in this case have knowledge of the misconduct of other attorneys, but they have concealed their knowledge of these reportable violations. To augment the code of silence, as the facts and evidence show, they have taken affirmative actions to conceal the misconduct of other attorneys in explicit contradiction of Rule 8.3.

The fact that SIU attorneys engaged in fraud, deceit, and made deliberate misrepresentations to obstruct, impede, impair, or influence agency investigations is established with 100% certainty in the documentary evidence. Crucially, the fact that the opposing counsel have abrogated their Rule 8.3 duties attests to an ongoing pattern of conduct prejudicial to administration of justice.

The counsel in this case have a duty of candor to the Court. The opposing counsel in this case are concealing their knowledge of the statutory and Rule infringements by SIU personnel and its attorneys, the misconduct of other attorneys involving fraud, deceit, and misrepresentations, and their own ethical duties and obligations to report. The ongoing concealment of the misconduct, and the actions taken in furtherance thereof, comprise affirmative acts of concealment (Cf. Rule 8.3 of Professional Conduct).

### Duty to Report Misconduct under Rule 8.3.

The attorneys had a duty to report the misconduct of other attorneys because the infractions are of such nature that it raises a substantial question of honesty, trustworthiness or fitness as a lawyer. Reporting is mandatory, to protect the public and the legal system.

Comment 1 of Rule 8.3 states "Self-regulation of the legal profession requires that members of the profession initiate disciplinary investigation when they know of a violation of the Rules of Professional Conduct." and also "An apparently isolated violation may indicate a pattern of misconduct that only a disciplinary investigation can uncover. Reporting a violation is especially important where the victim is unlikely to discover the offense." Comment 3 of ABA model rule 8.3 clarifies that "The term "substantial" refers to the seriousness of the possible offense and not the quantum of evidence of which the lawyer is aware." "The lawyer is not required to conduct an investigation and make a definitive decision that a violation has occurred before reporting; that responsibility belongs to the disciplinary system and this court." In re Riehlmann, 891 So. 2d 1239, 1247 (La. 2005).

The Illinois Supreme Court has ruled that "In Illinois, only this court possesses the "inherent power to discipline attorneys who have been admitted to practice before it." [citation]. The court, in turn, has delegated the authority to investigate and prosecute claims of attorney misconduct to the ARDC. [citation]. Further, while a trial court bears an independent responsibility to report attorney misconduct to the ARDC [citation], only this court may discipline an attorney found guilty of ethical misbehavior." Skolnick v. Altheimer & Gray, 191 Ill.2d 214, 730 N.E.2d 4 (2000)]. The Supreme Court has stated that "[t]he duty to report misconduct is absolute."(*Id*).

The duty to report exists to prevent an attorney from committing additional violations. "The need for prompt reporting flows from the need to safeguard the public and the profession against future wrongdoing by the offending lawyer." [In re Riehlmann, 891 So. 2d 1239, 1247 (La. 2005)], and not taking timely action or reporting in a prompt manner itself comprises a violation of Rules. But, as the facts and evidence show, the attorneys in this case engaged in affirmative acts to conceal misconduct of other attorneys—that they have an absolute duty to report— through fraud, deceit and misrepresentations of their own.

**Summary.**
Since the interrogatories were submitted, the privileges were still valid and appropriate as they were when the interrogatories were filed. During deposition, witnesses are required to answer based upon their knowledge, information, and belief without any coaching from their legal counsel. And that is what I did. It was not possible to comply with John's suggestion because 1) it was contrary to prior guidance on submission in the interrogatories, and 2) it would have resulted in perjury.

This document is not a motion for the Court to rule upon violations of the Rules of Professional Conduct listed herein because that jurisdiction lies with attorney disciplinary agencies (OCDC in MO, and ARDC in IL), but rather the intent of this document is to present the relevant facts in their aggregate—including the premeditatedly coordinated misconduct of attorneys, as part of an ongoing scheme to conceal civil rights violations, that endangers delivery of justice in the case—while considering John's motion. The facts and evidence in this case substantiate that attorneys in this case have committed serious ethical delicts. The conduct poses an ongoing danger of harm to administration of justice, and a threat to the public interest. I hope that appropriate disciplinary agencies will investigate the misconduct of attorneys involved in this case because there exists uncontroverted evidence of mandatory reportable infractions— that have not been reported by any of the attorneys despite there being a duty to report—that reflect upon honesty, trustworthiness, or fitness as an attorney.

I oppose the motion for withdrawal because this is a complex matter, and at this stage in the prosecution of the case before the Court, it would lead to an irreversible impairment of the capacity to render justice in the matter. John has been aware of the intricate details of this matter, and his withdrawal would be prejudicial to proper administration of justice in this case. Denial of justice, as the facts and evidence show, is being deliberately orchestrated by opposing counsel in complicity with SIU attorneys, who procured prior rulings through fraud, and, as part of an active and ongoing scheme, are using the fraudulently obtained rulings to support their ongoing acts of fraud in the instant matter. The prosecution of the case will be materially adversely affected because John has been involved with this matter from the beginning and is also representing me on other pending matters connected to this case.

—————————-
Bakul Dave

Monday, August 2, 2021


20 Pine Shore Drive
#4
Carbondale IL 62902

phone 618-351-9208
email: bakul.c.dave@gmail.com

**Exhibit 1**

| | | |
|---|---|---|
| From: | **John Baker** jab@bbklegal.com | |
| Subject: | Motion to withdraw | |
| Date: | July 13, 2021 at 5:05 PM | |
| To: | Bakul Dave  bakul.c.dave@gmail.com | |



Dr. Dave,

I am attaching my motion to withdraw as your legal counsel in this matter.  It was just filed with the Court.

I anticipate that the Court will set a hearing and provide you with an opportunity to respond to the motion and offer information that you believe is pertinent.

I have received an email from opposing counsel that have advised me that they are going to file a motion seeking sanctions of some sort regarding your refusal to answer deposition questions.  As you know, I can not represent you in addressing that issue because I do not agree with you.

As I mentioned before, I like you and I feel for you regarding your circumstances.  I wish that this is not what happened, however, I can not represent someone who disagrees with me on legal issues and will not follow my advice.  While it is your right not to follow my advice, I can not represent someone who is unwilling to do so.

I will keep you informed as to what I hear from the Court and will insure that you receive notice regarding this matter as it moves forward.

John

--
**John A. Baker**
Baker, Baker & Krajewski, LLC



415 South Seventh Street
Springfield, Illinois  62701
Phone:  (217) 522-3445
Fax:  (217) 522-8234
Email:  jab@bbklegal.com



Dave, Bakul (motio...w).pdf