UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BAKUL DAVE', )
)
            Plaintiff, )
)
vs. )   Case No. 3:18-cv-02122-GCS
)
THE BOARD OF TRUSTEES OF )
SOUTHERN ILLINOIS UNIVERSITY, )
CARBONDALE, )
)
            Defendant. )

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Bakul Dave' filed suit on November 26, 2018, alleging that the Board of Trustees of Southern Illinois University, Carbondale ("SIUC") terminated him in a discriminatory and retaliatory manner. (Doc. 1). After repeated delays during the discovery period, Plaintiff finally sat for a deposition with Defendant on Tuesday, July 13, 2021, approximately two days before the close of discovery. *See* (Doc. 42). However, during the deposition, Plaintiff refused to answer basic questions about his post-termination employment against the advice of his counsel. (Doc. 48, p. 2-3). Now before the Court is Defendant's motion for sanctions and to dismiss on the basis of this deposition. (Doc. 47). For the reasons outlined below, the motion for sanctions is **GRANTED in part and DENIED in part.**

### FACTUAL BACKGROUND

The parties first began experiencing difficulties in discovery in July 2019. (Doc. 28).

Defendant served written discovery on Plaintiff on July 19, 2019. (Doc. 32, p. 1). However, despite several attempts working with Plaintiff's counsel, Plaintiff failed to provide responses until July 14, 2020. *Id*; *see also* (Doc. 34). As a result, the parties completed no discovery for more than two years after the Court entered its initial scheduling order in the case. *See* (Doc. 22).

On October 4, 2019, Defendant filed a consent motion to continue the jury trial date and to extend the discovery schedule. (Doc. 26). In the motion, the parties represented that Plaintiff would respond to written discovery no later than October 25, 2019, and that Defendant would respond to written discovery by November 15, 2019. *Id*. The Court accepted the parties' request, as they jointly indicated that additional time was needed to complete written discovery. (Doc. 27). Accordingly, the Court extended the discovery deadline to May 1, 2020. *Id*. Through Administrative Order No. 261, the Court again extended the deadline by sixty days, up to and including June 30, 2020. (Doc. 32, p. 2).

On October 31, 2019, Defendant's counsel reached out to Plaintiff's counsel via email to discuss when Plaintiff's discovery responses would be received. (Doc. 32, p. 2). Defendant's counsel received no response, and thus Defendant's counsel reached out again on November 14, 2019. *Id*. Plaintiff's counsel responded that he was "putting [responses] together" and apologized for the delay. *Id*. On December 16, 2019, Defendant's counsel followed up again by email after receiving no response. *Id*. Again, Plaintiff's counsel did not respond. *Id*. Defendant reached out again on January 2, 2020. *Id*. This time, Plaintiff's counsel stated that he was going to meet with Plaintiff on January 7, 2020 and would have the responses completed by January 10, 2020. *Id*. However, no

responses were provided. Defendant's counsel again followed up on May 20, 2020, and when Plaintiff's counsel again did not respond, Defendant filed a motion to dismiss for failure to prosecute on May 29, 2020. *Id*.

The Court noted that Plaintiff's counsel consistently indicated that discovery responses would come "in short order," though no responses were provided and no reasons were given for this failure. (Doc. 32, p. 4). Through this conduct, Plaintiff and his counsel demonstrated a consistent disregard for the Court's orders regarding discovery; this disregard favored dismissal. *Id*. at p. 4-5. However, because the Court was not alerted to the discovery issues until May 2020, the Court had not yet imposed a lesser sanction against Plaintiff. *Id*. at p. 5. The Court therefore denied the motion to dismiss, but directed Plaintiff to respond to the outstanding discovery requests within fourteen days. *Id*. Plaintiff complied with this order. (Doc. 34).

Defendant's counsel first reached out to Plaintiff's counsel about scheduling Plaintiff's deposition on January 7, 2021. (Doc. 48, Exh. 3, p. 6). On January 19, 2021, Defendant's counsel suggested taking the deposition on February 18th, 22nd, or 23rd. *Id*. at p. 4. After hearing no response from Plaintiff's counsel, on January 29, 2021, Defendant's counsel suggested March 4th, 11th, or 16th-19th. *Id*. at p. 3. Plaintiff's counsel agreed to the March 11th date on February 11, 2021. *Id*. However, the parties were not able to complete the deposition because Plaintiff did not have the ability to video conference on his computer. (Doc. 48, Exh. 4, p. 8).

The parties rescheduled Plaintiff's deposition for March 17, 2021; however, Plaintiff did not appear at the deposition due to rain. (Doc. 48, Exh. 4, p. 8). The same day,

Defendant's counsel emailed Plaintiff's counsel to request that Plaintiff's counsel pay for the court reporter's cancellation fee. *Id*. Defendant's counsel also provided five possible dates for Plaintiff's deposition in April 2021. *Id*. On March 18, 2021, Plaintiff's counsel agreed to pay the cancellation fee, but he has not yet done so. (Doc. 48, Exh. 4, p. 7). When responding to Defendant's counsel's attempts to reschedule the deposition on March 18th, Plaintiff's counsel indicated that he could not attend prior to April 12th; however, he did not select any of the five dates Defendant's counsel provided which were after April 12th. *Id*.

Defendant's counsel followed up with Plaintiff's counsel on April 12, 2021, requesting that Plaintiff's counsel list available dates for the deposition prior to May 10th. (Doc. 48, Exh. 4, p. 6). However, Plaintiff's counsel was not able to meet prior to May 10th due to a health concern. *Id*. at p. 5. Defendant's counsel again tried to schedule Plaintiff's deposition on June 1, 2021. *Id*. at p. 4. Eventually, the parties agreed to schedule Plaintiff's deposition for July 13, 2021. *Id*. at p. 2-3. Discovery was due on July 15, 2021. (Doc. 42).

Plaintiff arrived on time for his July 13th deposition. (Doc. 48, p. 2). During the deposition, Defendant's counsel asked Plaintiff a series of questions regarding his attempts to seek employment after his termination from SIUC. (Doc. 43, p. 1). Though these questions were both relevant and routine, Plaintiff refused to answer the questions on the basis of the privilege against self-incrimination. (Doc. 48, p. 3). The parties took a brief break, during which Plaintiff's counsel explained that Plaintiff's responses were not privileged and that Plaintiff needed to answer the questions posed to him. (Doc. 43, p. 1).

When the parties returned to the deposition, Plaintiff again refused to answer the

questions posed to him. (Doc. 43, p. 1). On the record, Defendant's counsel asked Plaintiff's counsel whether Plaintiff's counsel was making the objection or directing Plaintiff not to answer Defendant's counsel's questions. *Id.* at p. 1-2. Plaintiff's counsel responded that he was directing Plaintiff to respond to the questions. *Id.* at p. 2. Nevertheless, Plaintiff refused to answer the questions. *Id.* When Plaintiff did respond to questions, he would state that documents in the record were "false" or "forgeries", that he did not remember specifics about his assignments, and that Defendant's counsel's questions were "false and fraudulent." (Doc. 48, p. 5-6).

On July 13, 2021, Plaintiff's counsel filed a motion to withdraw as Plaintiff's attorney citing the aforementioned episode and other discovery disagreements. (Doc. 43). However, during a hearing on the motion to withdraw, Plaintiff's counsel and Plaintiff settled their differences regarding these disputes, and Plaintiff's counsel withdrew his motion. (Doc. 65). Plaintiff no longer disputes that his refusal to answer the questions posed to him was inappropriate. (Doc. 62, p. 2). Although he believed that he was making a good-faith objection based on potential self-incrimination, Plaintiff no longer objects to his obligation to respond to questions regarding his post-termination job search. *Id.*

## LEGAL STANDARDS

When a party fails to obey an order to provide or permit discovery, the Court may issue sanctions, including: "(i) directing that the matters embraced in the order, or other designated facts, be taken as established for the purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; (iii)

striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey an order, except an order to submit to a physical or mental examination." FED. R. CIV. PROC. 37(b)(2)(A). Instead of, or in addition to, the above, the rule also empowers the Court to order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure, "unless the failure was substantially justified or other circumstances make the award of expenses unjust." FED. R. CIV. PROC. 37(b)(2)(C). These sanctions are appropriate when a party displays "willfulness, bad faith or fault." *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997). Bad faith includes the "intentional or reckless disregard of a party's obligations to comply with a court order." *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). In contrast, fault pertains to the "reasonableness of the conduct or lack thereof, which eventually culminates in the violation." *Langley*, 107 F.3d at 514. Though Rule 37(b)(2)(A) explicitly mentions the failure to follow court orders, the listed sanctions are equally applicable when a party fails to appear for a deposition after being served with proper notice. *See* FED. R. CIV. PROC. 37(d)(1)(A)(i); *see also Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (internal citations omitted).

When a court determines that sanctions are necessary, "the sanction selected must be one that a reasonable jurist, apprised of all of the circumstances, would have chosen as proportionate to the infraction." *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998). The purpose of imposing sanctions is to prevent abuse of the judicial process

and to promote the efficient administration of justice. *See Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993). Sanctions further provide a general deterrent to those who might be tempted to engage in such conduct, both in the particular case, and in litigation in general. *See Roadway Express v. Piper*, 447 U.S. 752, 763-764 (1980). Accordingly, though dismissal is a severe sanction, it must be available to penalize those whose conduct warrants such a sanction. *See Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2015)(quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). However, this sanction is typically limited to circumstances in which the non-compliant party had been sufficiently and previously warned that further intransigence would result in dismissal. *See Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997).

The Court also has the inherent power to impose sanctions to enforce its orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)(internal citations omitted). These inherent powers are governed by the control "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). Each party to a lawsuit typically bears its own attorneys' fees unless a statute, contract, or decisional authority provides otherwise. *See Alyeska Pipeline & Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 466 (7th Cir. 2006). However, a federal court using its inherent powers may also award attorneys' fees to a successful party where the party's opponent has acted in bad faith. *See Hall v. Cole*, 412 U.S. 1, 4-5 (1973).

The prerequisite to a sanction under the Court's inherent power is a finding of bad faith. *See Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1058 (7th Cir. 1998)

(internal citations omitted). A court must exercise caution when invoking its inherent power, and it must comply with the requirements of due process when determining that bad faith exists and in assessing fees. *See Chambers*, 501 U.S. at 50 (internal citations omitted). Nevertheless, the decision to award attorneys' fees pursuant to the Court's inherent powers as a sanction for bad-faith litigation is committed to the Court's discretion. *See In re Generes*, 69 F.3d 821, 826 (7th Cir. 1995) (internal citations omitted). If a party's bad-faith conduct could be sanctioned under the Rules, the Court should rely on those rules, rather than on its inherent power; however, if, in the informed discretion of the court, "neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Chambers*, 501 U.S. at 50.

## ANALYSIS

Defendant argues that Plaintiff's repeated dilatory conduct and egregious misconduct during his deposition warrant dismissal of his suit as a sanction. (Doc. 48, p. 8). According to Defendant, Plaintiff's history of discovery misconduct suggests that lesser sanctions would not be effective. *Id*. at p. 9. Plaintiff consistently ignored the advice of his union representatives prior to the events underlying this lawsuit; as Plaintiff now ignores the advice of his attorney, Defendant argues that this conduct demonstrates that Plaintiff will not follow the advice or directives of his attorney or the Court. *Id*. Further, Defendant notes that Plaintiff continued to delay in scheduling his deposition and failed to attend two scheduled depositions, even after the Court admonished him for his prior failures to participate in discovery. *Id*. Defendant states that it has incurred significant fees due to Plaintiff's dilatory and egregious conduct and that it cannot prepare its

defenses or dispositive motions under these circumstances. *Id.* at p. 10.[1]

Plaintiff's dilatory conduct when scheduling his deposition and his evasive, non-responsive, and aggressive demeanor during the deposition are egregious. Though Plaintiff claims that he had a subjective good-faith basis on which to predicate his objections to Defendant's counsel's questions, this basis dissolved when his counsel advised him to answer the questions posed to him. Plaintiff's pattern of behavior is clearly unreasonable and thus warrants the imposition of sanctions.

Although Plaintiff's conduct is particularly egregious, there is evidence that sanctions lesser than dismissal will remedy this violation. Plaintiff admits that his behavior was unacceptable and no longer disputes that his objections during his deposition were unreasonable. (Doc. 62, p. 2). Moreover, during the hearing on Plaintiff's counsel's motion to withdraw, Plaintiff indicated that he now understands that he must listen to his counsel's advice, even when he subjectively disagrees. This change in posture indicates that Plaintiff's counsel's motion to withdraw alerted Plaintiff to the serious nature of his behavior and misconduct.

---

[1]     Defendant also states that Plaintiff's complaint should be dismissed because it is "baseless" and frivolous. In support, Defendant notes that Plaintiff admitted during his deposition that he did not know who decided to terminate him, and therefore Plaintiff cannot support his claim that he was dismissed due to discriminatory animus. (Doc. 48, p. 10). Furthermore, Defendant notes that Plaintiff has consistently filed claims for unfair labor practices with the Illinois State Labor Relations Board; these claims were dismissed, and the Illinois Court of Appeals upheld these dismissals. *Id.* at p. 2 n.2. Defendant asserts that these dismissals show Plaintiff's claim is baseless. However, the Court notes that the cases before the Illinois State Labor Relations Board concerned a different question, *i.e.*, whether Defendant engaged in unfair labor practices. The cases did not determine whether Defendant discriminated against Plaintiff in violation of Title VII or the Age Discrimination in Employment Act. Further, though Defendant refers to Plaintiff's deposition, Defendant did not attach the deposition to its motion for sanctions or reply brief, and the Court cannot consider the deposition on a motion to dismiss. *See Federated Mutual Ins. Co. v. Coyle Mechanical Supply, Inc.*, 983 F.3d 307, 315-316 (7th Cir. 2020). The Court therefore declines to dismiss Plaintiff's complaint on its merits at this time.

While Plaintiff may have learned his lesson regarding this particular deposition, the Court remains somewhat skeptical that his counsel's motion to withdraw will deter future dilatory conduct in discovery, including when setting a new deposition. Furthermore, even if Plaintiff is individually deterred from further disobeying the Court's orders regarding discovery, the Court must also heed its obligation to impose sanctions as a general deterrent against similar conduct. *See Roadway Express*, 447 U.S. at 763-764. The Court therefore finds that a monetary award of sanctions against Plaintiff is appropriate. The award of sanctions shall include the costs, expenses, and fees (including attorneys' fees) associated with the following:  the instant motion for sanctions (Doc. 47), the deposition which gave rise to the instant motion, and the cancellation of the March 17th deposition.

Moreover, the Court notes that Plaintiff's behavior during his case has been consistently dilatory. The Court has some doubts as to whether Plaintiff will comply with this order without further intervention from the Court. Accordingly, the Court will require Plaintiff to demonstrate compliance by paying the aforementioned sanctions award prior to continuing with his case. The Court has the authority to do this under the Federal Rules of Civil Procedure as the Court may stay proceedings until the order is obeyed. *See* FED. R. CIV. PROC. 37(b)(2)(A)(iv).

## CONCLUSION

For these reasons, the Court **GRANTS in part and DENIES in part** Defendant's motion for sanctions. (Doc. 47). Defendant is hereby **ORDERED** to submit an accounting of its costs, expenses, and fees (including attorneys' fees) for the following: the instant

motion for sanctions (Doc. 47), the deposition which gave rise to the instant motion, and the cancellation of the March 17th deposition within **FOURTEEN DAYS**, or on or before **NOVEMBER 23, 2021.** The Court will allow Plaintiff **SIXTY DAYS** from the submission of this accounting to pay the monetary sanctions ordered by the Court. Defendant is therefore required to submit a notice of compliance or non-compliance on or before **JANUARY 24, 2022.** Plaintiff is **WARNED** that the failure to comply with this sanction will result in the dismissal of his case.

If Plaintiff pays the aforementioned monetary sanction as ordered, the **STAY** will be lifted. Once the stay is lifted, Defendant must schedule Plaintiff's deposition for a date within **THIRTY DAYS** after the stay is lifted, unless the parties agree to a mutually convenient time. Plaintiff is **ORDERED** to attend this deposition. The failure to do so **WILL RESULT IN THE DISMISSAL OF THIS CASE**. Moreover, if Plaintiff fails to respond to Defendant's counsel's questions during this deposition without a reasonable objection from Plaintiff's counsel, the Court will take as established that Plaintiff lacks the information necessary to answer the question. Plaintiff is **WARNED** that Defendant may use this conclusion in its motion for summary judgment, which could result in the dismissal of Plaintiff's case. Finally, the Court notes that this case has been pending for three years, without the completion of discovery, largely due to Plaintiff's dilatory conduct. Plaintiff is **WARNED** that any further dilatory conduct in the litigation of this matter, including in discovery, at the dispositive motions stage, or when preparing for trial, will result in the dismissal of this case. Defendant is **ORDERED** to inform the Court if this conduct occurs.

The Court **STAYS** this case pursuant to Fed. R. Civ. Proc. 37(b)(2)(A)(iv) pending

Plaintiff's payment of the costs, expenses, and fees (including attorneys' fees) as outlined

above. All deadlines and schedules previously set are therefore **VACATED.**

**IT IS SO ORDERED.**

**DATED:  November 9, 2021.**

Digitally signed
by Judge Sison 2
Date: 2021.11.09
15:31:56 -06'00'

_____

**GILBERT C. SISON**
**United States Magistrate Judge**