UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BAKUL DAVÉ,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-cv-02122-GCS |
| | ) |
| **BOARD OF TRUSTEES OF** | ) |
| **SOUTHERN ILLINOIS UNIVERSITY,** | ) |
| **CARBONDALE,** | ) |
| | ) |
| Defendant. | |

MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court is Plaintiff's Motion for Reconsideration of Grant of Summary Judgment. (Doc. 101). Plaintiff, Bakul Davé ("Davé"), filed the Motion on April 26, 2024, alleging that the Court failed to consider EEOC charges filed in 2015 in relation to his Title VII retaliation claim. *Id.* at p. 1-2. On May 23, 2024, Defendant, Board of Trustees of Southern Illinois University, Carbondale ("SIU"), filed a Response to Plaintiff's Motion, urging this Court to deny Plaintiff's Motion for Reconsideration because he failed to preserve the issue in the record and failed to establish that "but for" causation exists between the 2015 EEOC charge and his termination at the University. (Doc. 102, p. 2-7). For the reasons outlined below, the Court **DENIES** Plaintiff's Motion for Reconsideration. (Doc. 101).

LEGAL STANDARD

"The Federal Rules of Civil Procedure do not expressly recognize motions to

reconsider." *Bolden v. Mezo*, Case No. 18-cv-2197-DWD, 2022 WL 3593910, at *1 (S.D. Ill. Aug. 12, 2022). However, Rule 59(e) allows a court to alter or amend a judgment if the parties file the motion "no later than 28 days after the entry of judgment." *See* FED. RUL. CIV. PROC. 59(e). "Relief sought under Rule 59(e) is an 'extraordinary remed[y] reserved [only] for the exceptional case.'" *Britten v. Wills*, Case No. 22-cv-409-SMY, 2024 WL 2154965, at *1 (S.D. Ill. May 14, 2024) (citing *Foster v. Deluca*, 545 F.3d 582, 584 (7th Cir. 2008)).

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000); *see also Britten*, 2024 WL 2154965, at *1 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-512 (7th Cir. 2007). "A manifest error is not demonstrated by the disappointment of the losing party, instead, it is the wholesale disregard, misapplication or failure [of the Court] to recognize controlling precedent." *Bilek v. American Home Mortgage Servicing*, No. 07 C 4147, 2010 WL 3306912, at *1 (N.D. Ill. Aug. 19, 2010) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)) (internal quotes omitted). Moreover, motions for reconsideration are not the appropriate vehicle for re-litigating arguments that the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *See Britten*, 2024 WL 2154965, at *1 (citing *Sigsworth*, 487 F.3d at 512).

## DISCUSSION

In his Motion for Reconsideration, Plaintiff states that the Court "focused on his internal emails and did not reference his prior claims of discrimination before the EEOC" when it conducted an analysis of whether Plaintiff engaged in a protected activity and whether that activity was the "but for cause" of the alleged retaliation by Defendant. (Doc. 101, p. 2). Plaintiff asserts that the 2015 EEOC charge was referenced in Defendant's Motion for Summary Judgment. (Doc. 84, p. 20). Plaintiff also claims that in his own Response to Defendant's Motion that he argued that "the filing of the previous charges of discrimination was protected." *Id.*; *see also* (Doc. 89, p. 19). Plaintiff further asserts that the reference to the 2015 charge in the body of the June 5, 2017, EEOC charge was sufficient to put the 2015 EEOC charge in the record.[1] Putting these facts together, Plaintiff believes the Court should reconsider its entry of summary judgment against him as to his retaliation claim.

In response to Plaintiff's Motion, Defendant advances several arguments as to why the Motion for Reconsideration should be denied. First, Defendant argues that Plaintiff failed to preserve the argument for summary judgment because he failed to attach the charging document in his response to Defendant's Motion for Summary Judgment. (Doc. 102, p. 3). Defendant also asserts that Plaintiff's vague, one line reference to the EEOC charges in his Response was insufficient to put the Court on notice of his argument

---

[1] In the body of the 2017 EEOC complaint, Plaintiff noted that he "previously filed Charges of Discrimination (Charge #'s 560-2014-01590, 560-20015-01597, 560-2016-00030 and 21-B-2017-01201 with the Illinois Department of Human Rights)" (Doc. 84, Exh. 49, p. 1).

regarding the 2015 EEOC charge.[2] *Id.* at p. 3-4. After careful review of the record, the Court agrees with Defendant that Plaintiff failed preserve the issue for Summary Judgment.

Rule 56 of the Federal Rules of Civil Procedure sets out the standard for summary judgment. *See* FED. RUL. CIV. PROC. 56. Summary judgment is only proper if the moving party can demonstrate there is no genuine issue as to any material fact, and in such cases the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). While adjudicating a motion for summary judgment, "[t]he court has one task and one task only: to decide, *based on the evidence of record*, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986)) (emphasis added). "The parties, in turn, bear a concomitant burden to identify the evidence that will facilitate this assessment." *Waldridge*, 24 F.3d at 920. Thus, Rule 56 of the Federal Rules of Civil Procedure makes clear, a party opposing summary judgment may not rely on allegations in the pleadings. Rather, the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate shall be entered against the adverse party. *See* FED. RUL. CIV. PROC. 56(c), (e).

---

[2] Plaintiff references his EEOC charges in his Response to Defendant's Motion for Summary Judgment only stating that: "SIU doesn't challenge the fact that Dr. Dave had repeatedly filed charges of discrimination against it in the past. These actions were clearly protected." (Doc. 89, p. 19-20).

The Court carefully reviewed the record, and Plaintiff only references the 2015 EEOC Charge in his Complaint. (Doc. 1). There, Plaintiff notes that: "[o]n February 23, 2015, Plaintiff filed a charge of discrimination (Charge No. 560-014-01590) with the EEOC alleging that he had been discriminated against by SIU on account of his race, national origin, and based upon retaliation for engaging in protected activities." *Id.* at p. 2. Defendant references the 2015 EEOC charge in its Motion for Summary Judgment, only stating that "[Plaintiff] referenced filing various EEOC Charges in 2015 and 2016" and that these charges were filed "some two years prior to his termination." (Doc. 84, p. 20-21). However, only a November 19, 2017, EEOC charge and an EEOC charge dated April 11, 2017[3] were attached to Defendant's Memorandum of Law in Support of the Motion for Summary Judgment. *See* (Doc. 84, Exh. 49); (Doc. 84, Exh. 50). Plaintiff did not attach the 2015 EEOC Charge as an Exhibit to his Response to Defendant's Motion for Summary Judgment, and he only generically references his numerous EEOC charges. Plaintiff did advance any specific arguments as to these charges in response to Defendant's submission, although the evidence was available for him to do so. Accordingly, the Court finds that Plaintiff's generic reference to EEOC charges is insufficient to preserve the issue for summary judgment.

---

[3]   The EEOC charge dated April 11, 2017, perfected a December 2016 EEOC charge that was filed prior to Plaintiff's suspension and termination. The April 2017 EEOC charge complained about Plaintiff's suspension. The November 2017 EEOC Charge complained about Plaintiff's termination. Accordingly, the Court concluded that the charge complaining about the termination could not serve as the "but for" cause of that same termination. However, the Court considered whether the April 2017 charge complaining about the suspension could serve as the "but for cause" of his termination. (Doc. 97, p. 41).

## CONCLUSION

For the reasons outlined above, Plaintiff's Motion for Reconsideration of Grant of Summary Judgment is **DENIED**. (Doc. 101).

**IT IS SO ORDERED.**

**DATED: March 11, 2025.**

Digitally signed by Judge Sison
Date: 2025.03.11
12:32:13 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**